# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### SOUTHEASTERN DIVISION

| | |
|---|---|
| CHERYL SIMPSON, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:14-cv-13 |
| | ) |
| V. | ) |
| | ) |
| COUNTY OF CAPE GIRARDEAU, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

## ANSWER

COMES NOW Defendant County of Cape Girardeau, Missouri ("Defendant"), by counsel, and for its Answer to Plaintiff Cheryl Simpson's ("Plaintiff") Complaint, states as follows:

### INTRODUCTION

1. Defendant states that Plaintiff's introduction allegations in Paragraph 1 are legal conclusions and outside the pleading requirements of the federal rules to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations in Paragraph 1.

2. Defendant states that Plaintiff's introduction allegations in Paragraph 2 are legal conclusions and outside the pleading requirements of the federal rules to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations in Paragraph 2.

3. Defendant states that Plaintiff's introduction allegations in Paragraph 3 are legal conclusions and outside the pleading requirements of the federal rules to which no answer is

required. To the extent an answer is deemed required, Defendant denies the allegations in Paragraph 3.

## JURISDICTION AND VENUE

4. The allegations in Paragraph 4 are legal conclusions to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations.

5. The allegations in Paragraph 5 are legal conclusions to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations.

6. The allegations in Paragraph 6 are legal conclusions to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations.

7. The allegations in Paragraph 7 are legal conclusions to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations.

8. No allegations in Complaint.

## PARTIES

9. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 9 and therefore denies the allegations.

10. Defendant admits the County of Cape Girardeau, Missouri is a political subdivision of the State of Missouri. Defendant denies all other allegations in Paragraph 10.

11. Defendant admits that its postcard-only policy restricts what incoming mail may be received by those detained at the Cape Girardeau County Jail. Defendant denies that the postcard-only policy is the only policy applicable to communications with inmates by persons outside the jail. Defendant denies all other allegations contained in Paragraph 11.

12. The allegations in Paragraph 12 are legal conclusions to which no answer is required. To the extent an answer is deemed required, Defendant denies the allegations.

## FACTS

13. Admitted.

14. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 14 and therefore denies the allegations.

15. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 15 and therefore denies the allegations.

16. Defendant admits that the Cape Girardeau County Sheriff's Department instituted a policy that requires non-privileged physical mail to be written on postcards. Defendant denies that the postcard-only policy is the only policy applicable to communications with inmates by persons outside the jail. Defendant denies all other allegations contained in Paragraph 16.

17. Admitted.

18. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 18 and therefore denies the allegations.

19. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 19 and therefore denies the allegations.

20. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 20 and therefore denies the allegations.

21. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 21 and therefore denies the allegations.

22. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 22 and therefore denies the allegations.

23. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 23 and therefore denies the allegations.

24. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 24 and therefore denies the allegations.

25. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 25 and therefore denies the allegations.

26. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 26 and therefore denies the allegations.

27. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 27 and therefore denies the allegations.

28. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 28 and therefore denies the allegations.

29. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 29 and therefore denies the allegations.

30. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 30 and therefore denies the allegations.

31. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 31 and therefore denies the allegations.

32. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 32 and therefore denies the allegations.

33. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 33 and therefore denies the allegations.

34. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 34 and therefore denies the allegations.

35. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 35 and therefore denies the allegations.

36. Denied.

37. Defendant admits that pursuant to Jail policy, persons may not make incoming calls to inmates. Defendant denies that the alternative forms of communication available, including telephone calls, are inadequate forms of communication. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 37 and therefore denies the allegations.

38. Defendant admits that the Jail does not permit contact visitation and that visits are limited to 15 minute visits. Defendant denies that the alternative forms of communication available, including in-person visits, are inadequate forms of communication. Defendant further denies the allegations in Paragraph 38 to the extent it implies that jail visits are inadequate because they are non-contact, in that letters and written forms of communication forming the basis for Plaintiff's Complaint are also non-contact forms of communication. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 38 and therefore denies the allegations.

39. Denied.

40. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 40 and therefore denies the allegations.

41. Defendant is without sufficient knowledge or information to admit or deny the allegations in Paragraph 41 and therefore denies the allegations.

42. Admitted.

43. Admitted.

# COUNT I—Violation of First and Fourteenth Amendments to the United States Constitution

44. Defendant hereby restates and realleges Paragraphs 1 to 43 of its Answer to Plaintiff's Complaint.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Admitted.

WHEREFORE, Defendant prays that this Court enter judgment in its favor, for its costs and attorneys' fees incurred herein, and for such other relief as the Court deems just and proper under the Circumstances.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claim is moot in that since filing her Complaint, Defendant has instituted a policy allowing relatives such as Plaintiff to communicate with inmates via e-mail. This e-mail policy effectively addresses Plaintiff's allegations above, rendering her claim moot.

3. Plaintiff is not an inmate, but rather a relative outside the Jail seeking to communicate with an inmate inside the Jail. Regardless of the provisions of the postcard-only policy that Plaintiff complains of, other avenues of communication including e-mail, in-person

visits and telephone communications remain open to Plaintiff. Therefore, Plaintiff lacks standing to assert her claims because she has suffered no injury-in-fact.

4. The postcard-only policy is rationally related to the Defendant's interests in, among other things: preventing inmates from obtaining contraband, attaining greater security within the Jail, and promoting efficiency among Jail personnel. In addition, other avenues of communication remain open, including e-mail, in-person visits and telephone communications.

Respectfully submitted,

THE LIMBAUGH FIRM

By   /s/ Curtis O. Poore
    Curtis O. Poore, #38067MO
    John C. Steffens, #63267MO
    407 N. Kingshighway, Suite 400
    P.O. Box 1150
    Cape Girardeau, MO 63702-1150
    Telephone: (573) 335-3316
    Facsimile: (573) 335-0621
    curt@limbaughlaw.com
    jsteffens@limbaughlaw.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Curtis O. Poore